**YU FANG ZHANG, Jia Ming Yu, Petitioners,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICE, Respondent.**

Nos. 03–4586–ag(L); 03–4591–ag(con); 03–40674–ag(con); 03–40679–ag(con).

United States Court of Appeals, Second Circuit.

Oct. 19, 2006.

---

Theodore Cox, New York, New York, for Petitioners.

Amul R. Thapar, United States Attorney for the Eastern District of Kentucky, Chalres P. Wisdom, Jr., Appellate Chief, Cheryl D. Morgan, Assistant United States Attorney, Lexington, Kentucky, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. B.D. PARKER, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioners Yu Fang Zhang and Jia Ming Yu, natives and citizens of the People's Republic of China, seek review, through counsel, of a February 28, 2003 order of the BIA affirming the January 7, 1999 decision of Immigration Judge ("IJ") Noel Ferris denying petitioners' application for asylum and withholding of remov-

al. *In re Yu Fang Zhang*, No. 73 554 654 (B.I.A. Feb. 28, 2003), *aff'g* No. 73 554 654 (Immig. Ct. N.Y. City Jan. 7, 1999). Petitioners also seek review of a September 26, 2003 order of the BIA denying petitioners' motion to reopen. *In re Yu Fang Zhang*, No. 73 554 654 (B.I.A. Sept. 26, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. Accordingly, we will only vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded). Because we cannot confidently predict that the agency would reach the same result absent the errors described below, we remand.

■ Although this Court generally defers to an IJ's assessment of demeanor, *see Majidi v. Gonzales*, 430 F.3d 77, 81 n. 1 (2d Cir.2005), we do not do so when it is based on misstatements of fact in the record, *see Li Zu Guan v. INS*, 453 F.3d 129, 140 (2d Cir.2006). The IJ found Yu to be evasive in that he repeated questions and was unresponsive when asked why he believed he could not have more children in China. We can find no support for these findings in the record.

■ Because petitioners offered Zhang's abortion certificates as corroboration of only two of Zhang's abortions, not all of her abortions, and testified that she could not obtain corroboration of the third, the record does not support the IJ's finding that Zhang's abortion certificates were inconsistent with her application and testimony that she in fact underwent three abortions. Furthermore, because Zhang was not afforded an opportunity to explain the discrepancy in Exhibit 20 where only two abortions are mentioned, the agency erred in faulting her for this inconsistency. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 125 (2d Cir.2006). Nor could petitioners be faulted for any perceived discrepancy between their ability to pay a 3,000 RMB fine, but not a 5,000 RMB fine, without affording them the opportunity to explain this non-obvious inconsistency. *See id.* The inconsistency perceived by the IJ between the fact that Zhang's work identification card was not cancelled and Zhang's claim that she was dismissed from her job is based on the IJ's assumption about document procedures in China which is unsupported by any record evidence. *See Cao He Lin*, 428 F.3d at 405. Additionally, the discrepancy in Zhang's testimony regarding whether her second abortion was in October or November 1990 was the sort of *de minimis* inconsistency that cannot support an adverse credibility determination. *See Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir.2006); *Latifi v. Gonzales*, 430 F.3d 103, 105 (2d Cir.2005).

■ The IJ found it implausible that petitioners could be in hiding if they obtained a U.S. visa, believing that they must have had an interview at an embassy, de-

spite petitioners' testimony to the contrary. The IJ also indicated it was implausible that Zhang and Yu would be threatened with sterilization in January 1994 and not go into hiding until March 1994. These were additional non-obvious discrepancies that necessitated affording petitioners an opportunity to explain before the IJ could use them to support her adverse credibility determination. *See Zhi Wei Pang v. BCIS,* 448 F.3d 102, 109–10 (2d Cir.2006).

▮ Additionally, the IJ gave no weight to either of petitioners' household registries because she found their explanation inadequate as to why they possessed two registries. Petitioners testified that in fact it was Yu's parents who had two registries—one for a home on Fuxing Road where Yu's father was registered and another for a home on Jinan Road where Yu's mother was registered. They explained that Yu's parents maintained separate registries because, if they had not and the registries indicated one house was vacant, the Fuxing Road house would have been confiscated by the government. Although there was some confusion between actual occupancy and occupancy as indicated by the registry, petitioners' explanation was detailed and comprehensible. Petitioners had apparently lived at the Jinan Road residency earlier in their marriage, and then later at Fuxing Road. The IJ's frustration with this explanation appeared to stem from her claim that she had never seen a case where Chinese nationals could choose their residency. The IJ cannot dismiss petitioners' explanation simply because it conflicts with her personal experience without citing to record evidence in support of her understanding of Chinese document procedures. *See Cao He Lin,* 428 F.3d at 405. Although the 1995 renewal of the Jinan Road registry remained unexplained, we found no support for the IJ's decision to discount the Fuxing Road registry, which corroborated petitioners' marriage in China and the birth of their eldest daughter.

▮ Finally, the IJ appeared to doubt the existence of petitioners' middle child, Andrew, because she had never seen him. Because prudence would counsel against bringing a toddler into a courtroom, the IJ could not support her credibility determination with this finding before requesting that petitioners bring the child to the Court. The IJ also failed to explain why his birth certificate, which listed the petitioners as his parents, was insufficient corroboration. Due to the numerous errors in the IJ's decision, we cannot confidently predict that an error-free proceeding would yield the same result on remand. *See Li Zu Guan,* 453 F.3d at 138; *Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 107 (2d Cir.2006). Thus, we find the agency's adverse credibility determination lacking the support of substantial evidence. *See id.*

▮ We find the agency erred further in failing to address petitioners' claim of future persecution based on their fear of repercussions for having three children. To the extent that the IJ's adverse credibility determination regarded only petitioners' past persecution claim, the factual predicate of their future persecution claim—that they had more than one child—remained, such that the IJ could not deny their future persecution claim for credibility reasons. *See Paul v. Gonzales,* 444 F.3d 148, 154 (2d Cir.2006). To the extent the IJ doubted petitioners' claim to have more than one child, we find that determination unsupported by the record. Thus, petitioners' future persecution claim also merits reconsideration on remand.

For the foregoing reasons, the petitions numbers 03–4586–ag and 03–4591–ag are GRANTED, the BIA's order is VACAT-

ED, and the case is REMANDED to the BIA for further proceedings as to petitioners' claim for asylum and withholding of removal. Petitions numbers 03–40674–ag and 03–40679–ag seeking review of the BIA's denial of petitioners' motion to reopen are DISMISSED as moot. Having completed our review, any stays of removal that the Court previously granted in these petitions are VACATED, and any pending motions for stays of removal in these petitions are DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).